IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL NEGRON, #N80312, <br><br> Plaintiff, <br><br> v. <br><br> MARION EYE CENTER, DEEDEE BROOKHART, and LORI CUNNINGHAM, <br><br> Defendants. | Case No. 24-cv-01170-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Angel Negron, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Big Muddy Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Specifically, Plaintiff alleges that in 2021, he received inadequate medical care for his eye conditions resulting in lost vision. He seeks monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that at some point he had surgery on his eyes that was only partially

successful. (Doc. 1, p. 6). Plaintiff states that the surgery "was successful with the cataracts in both eyes and plus with [the] glaucoma in his right eye, however, was successful only in his left eye only." A second surgery was performed resulting in Plaintiff losing most of his sight. Following the second surgery, Plaintiff filed a grievance on May 4, 2021. The grievance was deemed an emergency by Warden Brookhart on May 11, and then Plaintiff never received any further responses. In November 2021, he received a copy of his grievance in response to his request to the records' office. At an unspecified date, Marion Eye Center conducted a third surgery but "continue[d] to fail in correct[ing] these errors." Plaintiff now must wear a patch over his dead eye and administer drops. He states that during this time, he was not completely fluent in English and could not make sounds decisions throughout the process. (*Id.*).

## DISCUSSION

Plaintiff's complaint appears deficient on the face because he complains of activities that occurred in 2021, but he did not initiate this suit until over two years later in April 2024. The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 is a state's period for personal injury torts. *See Kalimara v. Ill. Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989). In Illinois, where the events in Plaintiff's complaint occurred, that period is two years. *See Woods v. Ill. Dep't of Children and Family Servs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202. Illinois recognizes equitable tolling of the two-year period for an inmate to pursue administrative exhaustion of a claim at the institutional level. *See Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2015). A court may sua sponte dismiss a case at Section 1915A review if the applicability of the statute of limitations is "so plain from the language of the complaint. . .that it renders the suit frivolous." *Id*. at 894; *Dickens v. Ill.*, 753 Fed. App'x 390 (7th Cir. 2018) (a court may dismiss a complaint upon screening if it is clearly barred by the statute of limitations).

Plaintiff's complaint appears untimely under the applicable statute of limitations because he filed it more than two years after the events occurred and after he received a copy of his grievance in November 2021 by request, realizing that the administrative process was unavailable to him. *See Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016) (the unavailability of a grievance process "lifts the PLRA exhaustion requirement entirely and provides immediate entry into federal court."). Another oddity is that the complaint is dated April 2, 2022. (Doc. 1, p. 7). Rather than dismiss his case outright, the Court will give him a chance to show cause as to why his complaint is not untimely. At this juncture, the Plaintiff only needs to address the timeliness of his case. Specifically, he should give the Court a timeline for the alleged events and for the exhaustion of remedies that he mentions. If Plaintiff cannot show that his claims are timely, this case will be dismissed.

## DISPOSITION

Plaintiff is **ORDERED** to show cause about the timeliness of his case. Plaintiff shall file with the Court a written response to this Show Cause Order entitled "Timeline of Relevant Medical Treatment and Care" within 30 days, on or before August 9, 2024. Plaintiff's failure to respond to this Order will result in dismissal of this case.

**IT IS SO ORDERED.**

**DATED: July 10, 2024**

                                                     *s/Stephen P. McGlynn*
                                                     **STEPHEN P. MCGLYNN**
                                                     **United States District Judge**