IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANGEL NEGRON,
#N80312,

        Plaintiff,

v.

MARION EYE CENTER,
DEEDEE BROOKHART, and
LORI CUNNINGHAM,

        Defendants.

Case No. 24-cv-01170-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Angel Negron, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Big Muddy Correctional Center, filed this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Plaintiff alleges that in 2021, he received inadequate medical care for his eye conditions resulting in the loss of his vision. This matter is before the Court regarding whether Plaintiff's claims are barred by the statute of limitations. Plaintiff was ordered to show cause by August 9, 2024, about the timeliness of the claims in his Complaint. (Doc. 12). Specifically, the Court noted that the underlying factual allegations all occurred in or before 2021, but Plaintiff did not file suit until April 25, 2024. Plaintiff was warned that failure to respond to the Show Cause Order would result in dismissal of this case. The deadline has passed, and Plaintiff has not responded.

    Although statute of limitations is normally an affirmative defense, the Court finds that dismissal of this case as untimely is appropriate, as the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense…" *Andonissamy v. Hewlett-Packard Co.*,

547 F.3d 841, 847 (7th Cir. 2008). As previously stated, the applicable statute of limitations for a personal injury tort is two years. (Doc. 12, p. 2) (citing *Woods v. Ill. Dep't of Children and Family Servs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202. Plaintiff has filed this lawsuit after this deadline. He states in the Complaint that he had three unsuccessful surgical procedures that ultimately resulted in the loss of his sight at some point during or before 2021, but he did not initiate this litigation regarding his poor medical care until 2024, well after the two-year deadline. (Doc. 1, p. 6).

The fact that the statute of limitations is tolled while an inmate pursues his administrative remedies does not help Plaintiff. *See Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2015). In an attempt to exhaust his administrative remedies, he filed a grievance on May 4, 2021, which went missing. (Doc. 1, p. 4). After he did not receive a response to the grievance in accordance with procedures, he requested and received a copy of his grievance in November 2021 from the records office. (*Id.* at p. 5). It was at this point, Plaintiff realized that his grievance was "lost," and the administrative process was unavailable to him. *See Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016) (the unavailability of a grievance process "lifts the PLRA exhaustion requirement entirely and provides immediate entry into federal court."). Even accounting for the seven months (May – November) that Plaintiff spent attempting to exhaust his claim, the statute of limitations expired prior to Plaintiff filing the Complaint.[1]  *See Hatch v. Briley*, 230 F. App'x 598, 599 (7th Cir. 2007).

Based on the information in the Complaint, the Court finds that Plaintiff's claims are untimely, and because Plaintiff has failed to respond to the Show Cause Order, he has not demonstrated otherwise. Accordingly, the Court finds it appropriate to dismiss his Complaint as

---

[1] Liberally construing the Complaint, the Court assumes that Plaintiff filed his grievance on the same day his claims accrued, effectively tolling the statute of limitations until November 2021, when he became aware that the grievance process was unavailable to him. Based on these events, the statute of limitations started to run as late as November 30, 2021, and he should have filed the Complaint by November 30, 2023.

barred by that statute of limitations.

## DISPOSITION

For the foregoing reasons, Plaintiff's complaint is **DISMISSED with prejudice** as barred by the statute of limitations. 28 U.S.C. §1915A. This Court considers the dismissal of this action as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g). *See Jones v. Bock,* 549 U.S. 199, 215 (2007); *Cannon v. Newport,* 850 F. 3d 303, 307-08 (7th Cir. 2017); *Richards v. Kleinhubert,* 263 F. App'x 493, 495 (7th Cir. 2008). All pending motions are **DENIED**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 30, 2024**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**